## Marshall's Creditors v. Marshall's Estate et al.

(Decided December 18, 1928.)

NEWTON W. UTLEY, C. C. GRASSHAM and C. J. WADDILL for appellants.

C. C. MOLLOY, WHEELER & HUGHES, WILLIAM MARSHALL BULLITT and LEO T. WOLFORD for appellees.

Opinion of the Court by Judge Logan—Affirming.

By his last will and testament E. D. Marshall of Kuttawa, Ky., made certain provisions for the payment

of his debts. His will is in ten clauses, but we are concerned only with the first, second, fourth, and eighth. They are as follows:

"1. I direct that all my just debts be paid out of the proceeds of insurance policies on my life.

"2. I hereby give, devise and bequeathe all my estate and property of every kind, real, personal and mixed, including proceeds of all insurance policies on my life payable to my wife, my children and my estate, or any of them, to my executrix and trustee nominated herein, to be held managed and controlled by her, in trust for the use and benefit of my wife, Ida Marshall, my son, Davis Marshall, and my daughter, Tylene Marshall, until the 19th day of November, 1927, at which time my son, Davis, will become twenty-five years of age; at which time said trust shall terminate and said estate and property shall be divided equally among said cestui que trust one-third each."

"4. All insurance policies on my life payable to my said wife, my son and my daughter, or any one or more of them, shall be considered and treated as a part of my estate; and the proceeds of said policy shall be collected by my said executrix and trustee (who shall also qualify as guardian of my said children, if necessary to carry out this purpose); and after paying all my just debts as above directed, the remaining proceeds shall be placed on time deposit in the First National Bank of Princeton, Kentucky, the interest on said time deposit to be paid to my said executrix and trustee and used by her, according to her own judgment for the maintenance of my said wife and my said two children. And my said wife shall not be required to render any account of how she spends said interest or any part thereof, her receipt therefor to said bank and to herself as executrix and trustee being all that shall be required."

"8. In the event any legatee or devisee under this will shall refuse to permit the proceeds of any insurance policy or policies on my life that may be made payable to such legatee or devisee to be considered and treated as a part of my estate, said legatee or devisee shall be charged with the amount received and collected on said policy or policies with interest from the date of collection, and the other legatees

or devisees shall (be made equal with said legatee out of my said estate upon said division, before said legatee or devisee shall receive anything further from my said estate."

At the time of his death E. D. Marshall left surviving him his widow, Ida Marshall, and two children, Davis Marshall and Tylene Marshall. The provable debts against his estate amounted to approximately $150,000. His personal property at the time of his death was of the value of about $16,000. He owned several tracts of land, of the aggregate value of about $40,000. Some of his indebtedness was secured by mortgages on his real estate. He had secured other notes which he was owing by collateral, the value of which was around $25,000. Leaving out of consideration the insurance policies referred to in his will, his estate was hopelessly insolvent, and it appears that the amount of his debts above the aggregate of his assets was about $80,000.

The insurance policies aggregated $71,778.43 at the time of his death. Two of the policies were payable to his estate, but the amount of these was only $3,344.88. Ida Marshall was the beneficiary in policies amounting to $63,415.19, and Tylene Marshall was the beneficiary in one policy, the proceeds of which amounted to $5,018.-36. The insurance company paid to Ida Marshall $13,-415.19, but, after a question arose as to the disposition of the proceeds of the policies, the company issued to Ida Marshall a certificate of deposit for $50,000, and also issued a like certificate to Tylene Marshall for $5,018.36.

The creditors make the contention that E. D. Marshall changed the beneficiaries in the policies, or assigned the policies by the terms of his will, and that the creditors are entitled to the proceeds of the policies rather than the wife and daughter who were named as beneficiaries. We are confronted, therefore, at the outset with the question as to the effect of the provisions of the will on the proceeds of the policies. Leaving out of consideration entirely whether the beneficiary in an insurance policy may be changed by will, or whether the policy may be assigned by will, we are first to determine whether the provisions of the will so operated as to change the beneficiaries or assign the policies, assuming, without deciding, that such a change or assignment may be accomplished through a last will and testament.

Considering the first, second, and fourth clauses of the will alone, the mind is not left in doubt as to the purpose of the testator. It was his intention that the proceeds of the insurance policies should go towards the extinguishment of his debts, and that his creditors should be satisfied, in so far as possible, by the proceeds of the insurance policies. But we cannot ignore the eighth clause in the will, and it must be considered with the other three clauses.

The eighth clause expresses a clear modification of the plain meaning of the intention expressed in the other three clauses of the will. The testator had expressed the intention that the proceeds of the insurance policies should become a part of his estate, and should be used in the payment of his debts, but the eighth clause contains the expressed intention of the testator to leave it to the beneficiaries as to whether they would surrender the proceeds of the policies to the personal representative to be used in the payment of the debts. He provided, in that clause, that, in the event any legatee or devisee should refuse to permit the proceeds of any insurance policy, or policies, on his life that were payable to such legatee or devisee, to be considered and treated as a part of his estate, then such legatee or devisee should be charged with the amount received and collected on the policy, or policies, with interest, and that any other legatee or devisee should be made equal in the division of his estate before such a one as had refused to permit the proceeds of the insurance policy, or policies, to pass to his estate, should receive anything further from his estate. He had in mind that the legatee or devisee who was also a beneficiary in an insurance policy should else surrender any claim as beneficiary, or the amount received as the proceeds of any insurance policy, or policies, should be deducted from his share in the estate. There is no doubt that he intended that his estate should receive the amount represented by the insurance policies either from the insurance company or from the beneficiaries, but he left it to each beneficiary to determine whether he would allow the amount of insurance to be charged up against his interest in the estate, or whether he would surrender his claim as beneficiary and receive his full portion of the estate.

If the estate had been solvent, there would have been no difference whether the matter was treated one way or the other, but, as the estate was insolvent, and it had

been left to the beneficiary whether he would elect to take directly the proceeds of the insurance policy, or policies, or whether he would allow the proceeds to be paid in as a part of the estate and then take from the estate, he had the right to make either election, and, having elected to receive the proceeds of the insurance policies, the beneficiaries were within their rights under the provisions of the will. Such appears to us as the plain meaning of clause 8 of the will.

The true test of what constitutes an assignment is whether the debtor would be justified in paying the debt to the one claiming to be the assignee. If the payment of the assigned debt to the one claiming to be the assignee would fully and legally discharge the debtor from all obligation to any person, there has been a valid assignment. But, unless such is the case, the title to the chose in action has not passed to the assignee. If the insurance company should have paid the proceeds of these policies to the personal representative, and the personal representative had distributed the money in accordance with the directions contained in the first, second, and fourth clauses of the will, could the beneficiaries maintain an action against the insurance company because the payment was made under the authority of the will, and without the consent of the beneficiaries? If the beneficiaries had such a right in the proceeds of the insurance policies as would enable them to compel the insurance company to pay the proceeds to them, it needs no argument to reach the conclusion that the proceeds of the insurance policies did not pass under the will. The beneficiaries have elected to take the insurance rather than to take their distributable share in the estate, and we must hold that the will left them that right of election.

Judgment affirmed.

Whole Court sitting.